1
2
3
4
5
6 **UNITED STATES DISTRICT COURT**

7 **DISTRICT OF NEVADA**

8  FERNANDO E. LUGO,  ) 3:17-cv-00539-MMD-WGC
   )
9       Plaintiff, ) **REPORT & RECOMMENDATION**
   ) **OF U.S. MAGISTRATE JUDGE**
10      vs. )
   )
11 TRAVIS MOORE, )
   )
12      Defendant. )
   )
   _____)
13

14      This Report and Recommendation is made to the Honorable Miranda M. Du, United States

15 District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §

16 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

17      Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC),

18 proceeding pro se with this action. (Compl., ECF No. 1-1.)

19      On September 6, 2017, Plaintiff attempted to file his complaint, as well as a motion for

20 appointment of counsel. (*See* ECF Nos. 1-1, 1-2.) Those initiating documents were not accompanied by

21 the filing fee or an application to proceed in forma pauperis (IFP). As a result, the undersigned issued

22 an order directing the Clerk to send Plaintiff a copy of the instructions and application to proceed IFP

23 by an inmate, and gave him thirty days to either pay the complete filing fee or submitted a completed

24 IFP application. (ECF No. 3.) The court advised him that a failure to do so would result in a

25 recommendation of dismissal of the action. (*Id*.) The IFP form and instructions were sent to Plaintiff.

26 (ECF Nos. 3-1, 3-2.)

27 / / /

28 / / /

On September 21, 2017, Plaintiff sent a letter to the court, stating that he had previously filed an IFP application in case 3:17-cv-00394-RCJ-WGC, stating that it was filed in the wrong court, and asserting that the court should not have charged him the filing fee in that case since it was filed in the wrong place. (ECF No. 5.) He appears to state that he has now filed it in the correct court in this action, 3:17-cv-00539-MMD-WGC, and therefore, should not be charged again. (*Id*.)

In 3:17-cv-00394-RCJ-WGC, Plaintiff filed a complaint that is substantially similar to the complaint he seeks to file in this action. There, like in this case, he sued Travis Moore, whom he alleged was the owner of Unlimited Bail Bonds in Reno, Nevada. (3:17-cv-00394-RCJ-WGC, ECF No. 1-1.) He alleged that he had been bailed out on a bond, and when a new charge was added, he was booked with another bail, but Moore told others that Plaintiff beat up an elderly person, knowing that was false, and did not proceed with the bail contract. (*Id*.) He claimed that the statement was slanderous, and violated his First Amendment right to free speech, his due process rights, as well as his right to be free from cruel and unusual punishment under the Eighth Amendment. (*Id.*) He asserted that the action was being brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and that the court had jurisdiction under 28 U.S.C. § 1331. (*Id*.)

Plaintiff's IFP application in that case was not complete, and the court ordered him to fill out a complete application. (ECF No. 3.) Plaintiff subsequently did so. (ECF No. 4.) On August 2, 2017, the undersigned issued a report and recommendation that the inmate IFP application be granted pursuant to 28 USC § 1915, which allows a court to authorize the commencement of a lawsuit without the prepayment of the filing fee; requires a prisoner seeking to bring a civil action without pre-paying the filing fee to submit a certified copy of his trust fund account statement from the prison; and, still requires the prisoner to pay the entirety of the filing fee over time. (ECF No. 5.) The court also screened the complaint under 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A, with the latter requiring the court, "before docketing … or, … as soon as practicable after docketing" to dismiss a complaint that is frivolous, malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune. The undersigned concluded that Plaintiff failed to state a claim under *Bivens*, because Plaintiff had sued a private bail bond company owner, and not a federal actor. The court likewise found Plaintiff did not state a claim under 42 U.S.C. § 1983, which requires a defendant acting under color of state law. As a result,

dismissal was recommended.

Plaintiff filed an objection to the report and recommendation (ECF No. 6), but District Judge Jones adopted and accepted the report and recommendation on August 22, 2017. (ECF No. 7.)

Plaintiff then filed his complaint in this action, 3:17-cv-00539-MMD-WGC. The complaint lists the court as the "Northern Judicial District Court of the State of Nevada in and for the County of Washoe,"[1] but it was again filed in federal court. (3:17-cv-00539-MMD-WGC, ECF No. 1.) The allegations of the complaint in this action are virtually identical to those in 3:17-cv-00394-RCJ-WGC, except for the reference to *Bivens*. Plaintiff still alleges violations of the First Amendment, his due process rights, and the Eighth Amendment against bail bond company owner Travis Moore. The complaint was not accompanied by the filing fee or an IFP application. Therefore, an order issued directing the Clerk to send Plaintiff the instructions and form for filing an IFP application for an inmate, and advised him a failure to pay the filing fee or file a completed IFP application would result in dismissal. (ECF No. 3.) In response, Plaintiff filed the letter asserting he had previously been assessed with paying the filing fee in connection with an IFP application in 3:17-cv-394-RCJ-WGC, where the complaint had been dismissed. (ECF No. 5.) He asserts that he should not have been charged the filing fee when the complaint was dismissed, and that he has now filed the action in the correct court.

Preliminarily, it appears that Plaintiff intended to file this new action in state court, although he again submitted it for filing in federal court. As a result, the court recommends that this action be dismissed and closed so that Plaintiff may file his case in state court.

Insofar as Plaintiff seeks a refund of the filing fee assessed in connection with the granting of his IFP application in 3:17-cv-00394-RCJ-WGC, that request should be denied. A civil action must be initiated through payment of the filing fee or submission of an application to proceed IFP. Plaintiff filed a complaint in 3:17-cv-00394-RCJ-WGC. He then filed an application to proceed IFP. The court granted the application under 28 U.S.C. § 1915, which still requires a prisoner to pay the filing fee over time, and then screened the complaint as required under 28 U.S.C. § 1915A, which resulted in dismissal of

---

[1] The court notes that if Plaintiff was attempting to file this action in state court, in Washoe County, the correct court would have been the Second Judicial District Court for the State of Nevada, in and for the County of Washoe.

the action. Plaintiff is not entitled to a refund of any portion of the filing fee paid, as he made the initial determination to file his action in federal court.

**<u>RECOMMENDATION</u>**

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order **<u>DISMISSING</u>** this action, and denying Plaintiff's request for a refund of the filing fee assessed in 3:17-cv-00394-RCJ-WGC.

Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED:  October 4, 2017.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE